**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**SARAH MCANALLY HEINKEL**                                                                **PLAINTIFF**

**VERSUS**                                             **CAUSE NO.** 1:17cv082-SA-DAS

**YOKOHAMA TIRE MANUFACTURING
MISSISSIPPI, LLC**                                                      **DEFENDANT**

                                                                                            **JURY TRIAL DEMANDED**

**COMPLAINT**

       This is an action to recover actual and punitive damages for violation of anti-retaliation provisions of federal law and for violation of Mississippi public policy. The following facts support this action:

1.

Plaintiff SARAH McANALLY HEINKEL is an adult resident citizen of 247 Oakridge Circle, Columbus, MS 39705.

2.

Defendant YOKOHAMA TIRE MANUFACTURING MISSISSIPPI, LLC ("YTMM") is a Delaware limited liability company, operating in the State of Mississippi. Defendant may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended. The Court has supplemental jurisdiction over Plaintiff's state law claims.

4.

On June 22, 2016, Plaintiff filed the EEOC charge attached hereto as Exhibit "A." Plaintiff has received the right-to-sue letter dated February 24, 2017, attached hereto as Exhibit "B." On July 27, 2016, Plaintiff filed a second EEOC charge attached hereto as Exhibit "C," and has received the right-to-sue letter dated February 24, 2017, attached hereto as Exhibit "D."

5.

After a history of good performance in other employment, Plaintiff was hired by Defendant as its environmental health and safety manager on or about March 3, 2014.

6.

On or about January 13, 2016, Plaintiff opposed illegal activity, by complaining that Defendant was discriminating against an employee because of pregnancy. Plaintiff's complaint was that Defendant had moved the employee to a less desirable work station because of her pregnancy. Plaintiff's complaint constituted opposition to a discriminatory practice and was, therefore, protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

7.

After Plaintiff's initial complaint that Defendant had made a discriminatory move of the employee, Plaintiff subsequently complained that Defendant would not provide reasonable accommodations to the pregnant employee. This was also protected activity both under Title VII

and also under the anti-opposition provisions of the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12203(a).

8.

Plaintiff's opposition to the unlawful discrimination against the pregnant employee followed Plaintiff's complaints about other illegal activity by Defendant. Specifically:

(A) Plaintiff complained that Melissa Orman had covered up sexual harassment charges filed by a company employee against employee Joe Gallagher. Plaintiff's activity in this respect was also protected by the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

(B) Plaintiff had complained that Joe Gallagher, a company employee, had misappropriated company resources by utilizing those resources to pay prostitutes for Defendant's employees during an overseas trip. Plaintiff's complaints of this stealing of company funds constituted a complaint about criminal activity and was, thus, protected activity under the public policy of the state of Mississippi.

9.

As a proximate result of Plaintiff's opposition to discrimination against the pregnant employee on January 13, 2016, on March 29, 2016, Defendant gave Plaintiff a below-average performance rating and gave her a lower raise than other managers. Defendant then finally discharged Plaintiff on June 20, 2016.

10.

The "but for" cause of Plaintiff's discharge were her two complaints opposing discrimination against a pregnant employee, as protected by the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The complaints described in paragraphs 8(A) and (B) above may have also been "but for" causes of Plaintiff's termination.

11.

Since Plaintiff's discharge, Orman and Gallagher have both been discharged. Upon information and belief, the probable reason for their discharge was that the company had learned about the retaliatory and illegal behavior of Gallagher and Orman.

12.

Plaintiff has suffered lost income and mental anxiety and stress, and damage to reputation as a result of her wrongful discharge.

13.

Plaintiff, therefore, sues, alleging that Defendants are liable to Plaintiff for violation of the anti-retaliation provisions of civil rights laws of the United States, and for violation of the public policy of the State of Mississippi.

14.

Plaintiff's discharge was outrageous, such that punitive damages are due.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, for reinstatement, and for reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 19th day of May, 2017.

                SARAH MCANALLY HEINKEL, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF